

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Olan R. Van Zandt, Chairman
Joint Legislative Advisory Committee
Tioga, Texas

Dear Sir:

Opinion No. 0-1367
Re: Appropriation in Section 11 of House
Bill 933, 46th Legislature, as a special
fund.

Your letter requesting the opinion of this department upon the question as to whether the appropriation set-up in Section 11 of House Bill 933, 46th Legislature, is a special fund within the meaning of the "limitation of payments" clause of the general rider to the departmental appropriation bill, is received.

Section 1 of House Bill 933 appropriates from the General Revenue Fund for each of the fiscal years of 1940 and 1941 so much money as may be necessary for the accomplishment of the purposes of the act, not to exceed $6,825,827.00.

Section 11 of House Bill 933 provides in part:

"All expenditures for costs of administering the various funds named in this Act shall be paid out of the monies allocated in this Act, and such expenditures shall be the amounts and as authorized by the General Departmental Appropriation Bill for the current biennium as therein itemized and not otherwise, except as otherwise herein provided."

The Act then proceeds to allocate out of the appropriations made in Section 1, for each year of the biennium, the following:

The sum of $124,270.00 for the administration of the Equalization Division of the Departmtne of Education;

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the sum of $6,750.00 for the School Plants Division of the
Department of Education; the sum of $10,000.00 for the
Census Division in the Department of Education to be ex-
pended for seasonal labor in the checking of the census
rolls, and the sum of $6,600.00 to be used by the State
Auditor's Department, as follows:

Accountant in charge of rural aid applications, $3,000.00;
Junior Accountant, $1,800.00; Junior Accountant, $1,800.00.

Your specific attention is directed to the language
"such expenditures shall be the amounts and as authorized by
the General Departmental Appropriation Bill for the current
biennium as therein itemized and not otherwise, except as
otherwise herein provided."

That the language "except as otherwise herein
provided" has direct reference to the appropriations spec-
fically made both as to purpose and amount for the State
Auditor's Department is clear, and is made the more appar-
ent by observing that the General Departmental Appropriation
Bill recognized these specific itemized appropriations to
the State Auditor's Department, in that no provision was
made in the General Departmental Appropriation Bill for
these employees in the State Auditor's Department, since
they had already been definitely provided for in House Bill
933.

Section 11 does not purport to make the allocations
therein mentioned available to the department as a lump
sum appropriation, but specifically provides that the ex-
penditures therefrom shall be "the amounts as authorized
by the General Departmental Appropriation Bill for the cur-
rent biennium as therein itemized and not otherwise."

In the General Departmental Appropriation Bill,
under these specific headings, the Legislature itemized
in detail expenditures to be made from these allocations,
such itemizations covering the full amount thereof. The
Governor, in the exercise of his veto power, eliminated
from the General Departmental Appropriation Bill certain
items thereof. Such veto necessarily was completely effec-
tive to eliminate such expenditures. Under the terms of
Section 11, there can be no surplus subject to the jurisdic-
tion of the Limitation of Payments Board, as constituted in
the General Rider to the General Departmental Appropriation

Bill, for the reason that expenditures out of the allocations referred to are expressly limited by Section 11 of House Bill 933 to the amounts authorized and itemized in the General Departmental Appropriation Bill, and there is a specific provision against any further expenditures by the use of the words "and not otherwise."

You are therefore advised that there is, in this appropriation, no surplus in a special fund of the character made subject to the jurisdiction of the Limitation of Payments Board in the Rider to the Departmental Appropriation Bill.

Yours very truly

ATTORNEY GENERAL OF TEX'S

By

(s)   R. W. Fairchild
Assistant

RWF:pbp

APPROVED SEP 12, 1939

(s) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
opinion committee
By  BWB
chairman